**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAUL SHUGART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-18-544-D |
| | ) |
| CONN APPLIANCES, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, PAUL SHUGART ("Plaintiff"), through his attorneys, alleges the following against Defendant, CONN APPLIANCES, INC.:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Oklahoma Consumer Protection Act, 15 OS § 751, et seq. ("OCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. This court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Newalla, Cleveland County, Oklahoma.

8. Plaintiff is a consumer as that term is defined by OCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the OCPA.

10. Defendant is a person as that term is defined by the OCPA.

11. Plaintiff is, and at all times mentioned herein, a person as defined by 47 U.S.C. § 153(39).

12. Defendant is, and at all times mentioned herein, a person as defined by 47 U.S.C. § 153(39).

13. Defendant is a business entity engaged in the collection of debt within the State of Oklahoma.

14. Defendant is a Texas business corporation and chain of furniture and appliance stores headquartered in The Woodlands, Montgomery County, Texas.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff that Plaintiff does not owe.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. In or around January 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone, at xxx-xxx-6793, in an attempt to collect the alleged debt.

20. In or around January 2016, Plaintiff first told Defendant's collectors to stop calling Plaintiff on his cellular telephone at xxx-xxx-6793.

21. In or around January 2016, Plaintiff told Defendant's collectors to stop calling Plaintiff on his cellular telephone at xxx-xxx-6793, on approximately five separate occasions.

22. Despite Plaintiff's requests that Defendant stop calling him on his cellular telephone at xxx-xxx-6793, Defendant continued to call Plaintiff on his cellular telephone unabated in an attempt to collect on the alleged debt.

23. In or around December 2016, Defendant began calling Plaintiff on Plaintiff's home telephone, at xxx-xxx-3359, in an attempt to collect the alleged debt.

24. In or around December 2016, Plaintiff first told Defendant's collectors to stop calling Plaintiff on his home telephone at xxx-xxx-3359.

25. Plaintiff told Defendant's collectors to stop calling Plaintiff on his home telephone at xxx-xxx-3359, on approximately four different occasions.

26. Despite Plaintiff's requests that Defendant stop calling him on his home telephone at xxx-xxx-3359, Defendant continued to call Plaintiff on his home telephone unabated in an attempt to collect on the alleged debt.

27. Plaintiff not only told Defendant to stop calling him, Plaintiff pleaded with Defendant's collectors to stop calling him because both he and his wife suffered from numerous health

issues—to no avail.

28. Defendant called Plaintiff on his cellular telephone at xxx-xxx-6793 approximately 484 times.

29. Defendant called Plaintiff on his home telephone at xxx-xxx-3359 approximately 634 times.

30. Defendant calls Plaintiff at an annoying and harassing rate.

31. Defendant calls Plaintiff at an excessive rate.

32. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

33. Defendant has never had Plaintiff's prior express written consent to call his cellular telephone with an automatic telephone dialing system.

34. Even if Defendant somehow had Plaintiff's consent, such consent was revoked when Plaintiff told Defendant's collectors to stop calling him as described above..

35. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

36. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers without human intervention.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

42. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

43. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

44. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

45. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;
    b. Electronically intruding upon Plaintiff's seclusion;
    c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

46. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, PAUL SHUGART, respectfully requests judgment be entered against Defendant, CONN APPLIANCES, INC., for the following:

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

50. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANTS VIOLATED THE OKLAHOMA CONSUMER PROTECTION ACT

51. The conduct described above constitutes violations of the OCPA.

52. The deception practiced by Defendant as described above in attempting to collect a debt from the Plaintiff that he does not and did not owe constitutes a deceptive practice under the OCPA.

53. The Defendant's actions in harassing the Plaintiff in an attempt to coerce the Plaintiff into paying a debt he did not owe constitutes an "Unfair Trade Practice" as defined by the OCPA.

54. The continuing actions of the Defendant in attempting to collect someone else's debt from the Plaintiff is "unconscionable" as defined by the OCPA.

55. The continuing actions of the Defendant in attempting to collect someone else's debt from the Plaintiff after he pleaded with Defendant numerous times to stop calling Plaintiff is "unconscionable" as defined by the OCPA.

56. The actions of the Defendant calling Plaintiff over 1,000 times in attempting to collect someone else's debt from the Plaintiff is "unconscionable" as defined by the OCPA.

57. Defendant is therefore liable to the Plaintiff for a civil penalty in the amount of $2,000 for each violation of the OCPA.

WHEREFORE, Plaintiff, PAUL SHUGART, respectfully requests judgment be entered against Defendant, CONN APPLIANCES, INC., for the following:

58. Statutory damages of $10,000.00 ($2,000.00. for each violation of the OCPA) pursuant to the Oklahoma Consumer Protection Act, § 15-761.1(B);

59. Costs and reasonable attorneys' fees pursuant to the Oklahoma Consumer Protection Act, § 15-761.1(A); and

60. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

                                  RESPECTFULLY SUBMITTED,

June 4, 2018                By: /s/ Michael S. Agruss
                                      Michael S. Agruss (ILBA #6281600)
                                      Agruss Law Firm, LLC
                                      4809 N. Ravenswood Ave.
                                      Suite 419
                                      Chicago, Illinois 60640
                                      Tel: 312-224-4695
                                      Fax: 312-253-4451
                                      michael@agrusslawfirm.com

                             – and –

                                      Elaine M. Dowling (OBA #14,217)
                                      6801 Broadway Extension, Suite 310
                                      Oklahoma City, OK  73116
                                      Tel:  405-842-8005
                                      Fax:  405-840-6367
                                      dowlinglawoffice@aol.com